## 44241. FLOURNEY v. THE STATE.
(357 SE2d 574)

CLARKE, Presiding Justice.

Flourney and Tracy Jordan were indicted in Fulton County for malice murder, felony murder, and armed robbery in connection with the homicide of Delphine Barnes. Flourney and Jordan were tried jointly; the jury found Jordan not guilty on all counts. Flourney was convicted on the count of felony murder; he appeals raising issues of character evidence and the right to cross-examination. We affirm.[1]

The victim's family became concerned when on July 8, 1985, his black Camaro was found stripped and abandoned. Police accompanied family members to the victim's home and broke in. The victim was found stabbed and strangled with an electrical cord; the room showed signs of a struggle. Jewelry and stereo equipment had been taken.

The victim was last seen driving in his car on July 7, 1985, accompanied by two young black males. The victim was a homosexual and he would occasionally pick up men in the area where he was last seen.

In January of 1986 the victim's stereo components were pawned by Anthony Treadwell. The police questioned Treadwell who stated that he had purchased the equipment from Flourney and Jordan the previous summer. Investigators then learned that Flourney had gone to a friend's home in the early morning hours in July of 1985 with blood on his clothing and said he had killed a man; this friend said Flourney was driving a black Camaro that night.

The co-defendant, Jordan, took the stand at trial and denied participating in the robbery or murder, although he was present when Flourney sold the stereo equipment to Treadwell. Jordan said that Flourney told him that he "did what he had to do," and that he did not mean to kill the victim. Jordan also testified that he saw Flourney with the victim in the Camaro on the night of July 7, 1985.

1. The appellant contends that his character was impermissibly placed in evidence during the testimony of his co-defendant. Co-defendant, Jordan, testified during cross-examination by the prosecution that Flourney was a "queer hustler" which, he explained, was "somebody that go around messing with homosexuals." Flourney made a motion for mistrial which was denied; he argues that the mistrial should have been granted because irrelevant and prejudicial

---

[1] The homicide occurred on July 7, 1985. The appellant was indicted on March 7, 1986 and convicted on August 21, 1986. His motion for new trial was filed September 12, 1986 and overruled on November 21, 1986. A notice of appeal was filed on December 19, 1986, and the case was docketed in this court on January 7, 1987. It was submitted for decision on February 20, 1987.

matter was elicited by the prosecutor.

The issue of homosexuality was brought up by appellant's counsel during voir dire and in his cross-examination of other witnesses. The fact that the victim was gay was before the jury. The court did not abuse its discretion by failing to grant a mistrial.

2. The appellant contends that a series of errors occurred during his cross-examination of the police detective investigating the homicide. Defense counsel asked the detective if he had sent a memo to the District Attorney's office requesting a speedy indictment. The prosecutor objected; the court stated that the question was not relevant but allowed an answer which was in the affirmative. Defense counsel then asked if the reason for the memo was the officer's fear that the city court would release them on the theft by receiving charges. The following discussion ensued:

"PROSECUTOR: I don't think the preliminary hearing has any bearing whatsoever on this trial.

"COURT: I don't want you to deceive the jury. I want the jury to know the whole truth about the situation, sir. What they do in the city court doesn't have a thing in the world to do with what happens in this court.

"DEFENSE: Well, I think what the detective did in this case is very important as to what happened.

"COURT: I think what the detective did is a normal thing for the detective to do.

"DEFENSE: I think I ought to be able to ask him about it.

"COURT: You have already asked him about it, sir.

"DEFENSE: Well, I don't have any more questions."

A recess was taken and before the jury was brought in the defense moved for a mistrial because of the court's reference to "deceive the jury." He contends it was error to deny the mistrial, to restrict his right to confront and cross-examine a witness against him, and that the court improperly expressed an opinion.

We agree with the trial court that further questioning along the line pursued was not material to the issues before the jury. The trial court has discretion in directing and limiting the examination of witnesses. *Moore v. State*, 251 Ga. 499 (307 SE2d 476) (1983).

The rest of appellant's complaints as to these issues are that the court has improperly expressed an opinion either to the motive of the detective or of defense counsel. These comments do not express an opinion of what has or has not been proved. See and compare *McMillan v. State*, 253 Ga. 520 (322 SE2d 278) (1984). The record reflects that prior to submitting the case to the jury the court charged them that he intended no opinion in making rulings and that they should eliminate any impression of his opinion as they were the sole judges of the facts of the case. We find no harm to the appellant. See

*Lumpkin v. State*, 249 Ga. 834 (295 SE2d 86) (1982).

3. In his remaining enumerations of error he contends that the charge of the court on recent possession of stolen property was unconstitutionally burden shifting and commented on his right to remain silent. Pretermitting the constitutionality of the charge, there was no harm to appellant. He was convicted of felony murder and the jury identified the underlying felony as aggravated assault. They did not convict on another aspect of the indictment which alleged armed robbery as the underlying felony. Since the jury did not choose to convict on the robbery charge, any error in the charge on recent possession of stolen goods is harmless in this case.

4. Reviewing the record we find that the evidence is sufficient to support the conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1987.

*J. Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.