## A89A0815. ELY v. THE STATE.
### (384 SE2d 268)

Birdsong, Judge.

Appellant, Junior Walter Ely, appeals his conviction and sentence of rape.

Appellant was convicted of raping a mentally retarded neighbor girl. At the time of the incident, the girl was age 14 chronologically. She is classified as being "moderately mentally handicapped," "moderately retarded," or of "significantly impaired intellectual ability in the range of mild mental retardation." She functions at the level of a person between the ages of 5 and 10. She has a verbal IQ of 65; a performance IQ of 58 and a full scale IQ of 61. The appellant has a verbal IQ of 73; a performance IQ of 72; and a full scale IQ of 72. He is classified as being in the lower portion of the borderline range. His mental age is 11.2.

Appellant judicially admitted that he had sexual intercourse with the girl on two occasions when she was visiting his home. He maintained that she forced herself upon him and requested that he have sexual intercourse with her. The girl testified she had been hurt real bad by the appellant, but could not specifically describe how or where she was hurt. She also testified that he unzipped her blue jeans and that it was his idea to put his private parts inside her. She hollered during the incident. *Held*:

1. Appellant asserts that the trial court erred in refusing to permit an independent psychological examination of the alleged victim by an expert of appellant's choosing. The trial court in response to appellant's motion for independent psychological examination appointed a psychologist to conduct an examination of the girl, subject to consent by her guardian ad litem who also was appointed by the trial court. The guardian ad litem consented and the examination was conducted. The trial judge offered to call the psychologist as a court witness and to allow both sides the right of cross-examination. Appellant expressly requested that the State call the psychologist as its witness and this procedure was utilized. Appellant now contends the court should have appointed a psychologist of his choosing.

The trial judge has inherent power to supervise the course of the

trial and to prescribe the manner in which court business will be conducted. *Johnson v. State*, 254 Ga. 591 (11) (331 SE2d 578); *Jackson v. State*, 154 Ga. App. 367 (2) (268 SE2d 418). As a general rule, the " 'granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court,' " and " '[u]nless there has been an abuse of discretion, the trial court's ruling will be upheld.' " *Roseboro v. State*, 258 Ga. 39 (3) (a) (365 SE2d 115). Not even an indigent defendant has a constitutional right to compel the choosing of an expert of his personal liking. See generally *Ake v. Oklahoma*, 470 U. S. 68, 83 (105 SC 1087, 84 LE2d 53); *Thornton v. State*, 255 Ga. 434 (1) (339 SE2d 240).

*Sabel v. State*, 248 Ga. 10 (282 SE2d 61) and *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) are distinguishable from this case.

We find that the trial court did not abuse its discretion in this case in refusing to order an independent psychological examination of the alleged victim by an expert of appellant's own choosing, especially since the victim was examined by a court-appointed expert whose professional qualifications, fairness and impartiality were not effectively challenged.

2. Appellant asserts that the trial court erred in not allowing defense counsel to consult with the court-appointed expert prior to examination of the alleged victim. This assertion is without merit. Nothing prevented the appellant from submitting questions, documents or other matter to the trial court with the request that such matters be forwarded for consideration by the expert prior to the examination. Moreover, nothing prevented appellant's counsel from contacting the expert after the examination and requesting reconsideration based on new information tendered. Further, the expert in this instance testified and was subject to a thorough and sifting cross-examination, and any matters not duly considered by him could have been fully explored during cross-examination. The record also reflects that the parties and the trial judge apparently were in agreement that the expert could have access to "any previous reports of examination of this child." The trial court has inherent discretion in directing and limiting the examination of witnesses. *Flourney v. State*, 257 Ga. 265, 266 (357 SE2d 574). Likewise, the trial court can control counsels' contacts with a court-appointed expert before trial to insure that such witnesses' impartiality is preserved. The trial court did not abuse its discretion in this matter.

3. Appellant asserts that the trial court erred in allowing the expert witness to testify as to the ability of the alleged victim to give consent, as that was the ultimate issue to be decided by the jury and was also a legal term not within his expertise.

Expert opinion testimony, even as to the ultimate issue to be decided by a jury, " 'is admissible where the conclusion of the expert is

one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman.'" *State v. Butler*, 256 Ga. 448 (2) (349 SE2d 684); *Palmer v. State*, 186 Ga. App. 892 (4) (369 SE2d 38). Whether the issue of consent is one beyond the ken of the average layman depends upon the existing circumstances in a given case. We are satisfied that the capability of this particular mentally retarded person to give a valid consent to an act of sexual intercourse is a matter not within the ken of the average layman. The case is distinguishable from *Nichols v. State*, 177 Ga. App. 689 (340 SE2d 654).

Appellant failed to make a timely specific objection on the record concerning the issue of whether consent is a legal term not within the expert's area of expertise. As to this issue, "[t]here is nothing for us to review since appellant failed to make his objection at trial on the specific ground he attempts to raise on appeal." *Weaver v. State*, 179 Ga. App. 641 (7) (347 SE2d 295).

Appellant's third and fourth enumerations of error are without merit.

4. Appellant asserts that the trial court erred in refusing to allow the expert witness called by the defense to state his opinion as to the ability of persons of low IQ to give consent.

The appellant, during the testimony of his expert psychologist, asked his opinion "whether or not a person will be capable of consenting to sexual activity *in the range of seventy to eight-four*." (Emphasis supplied.) The State objected to the question and the trial court sustained the objection, indicating that the issue of ability to consent was a jury issue.

We have consistently held that " '[a] correct decision of a trial court will not be reversed, regardless of the reasons given therefor.'" *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557); *National Consultants v. Burt*, 186 Ga. App. 27, 33 (366 SE2d 344), writ vacated, 258 Ga. 645 (374 SE2d 532).

In this instance, we find that the proffered opinion evidence was not logically relevant to any viable issue in this case. The victim is the party whose consent was contested in this rape case. The question as posed had no probative connection with the victim, as the record establishes that her IQ scores did not fall within the range of 70-84. Clearly then this question was intended to pertain to the appellant himself whose IQ scores were within this range. However, the perpetrator's consent was not a viable issue in this case. In fact, appellant already had admitted in judicio that he had of his own volition twice committed the act of sexual intercourse with the girl. " 'Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court.'" *Santone v. State*, 187 Ga. App. 789, 792 (371 SE2d 428). Appellant has not shown how the trial court abused its

discretion in refusing to admit this particular question as framed.

Moreover, assuming arguendo error occurred, we are satisfied, using the high probability test, that the refusal to admit opinion evidence regarding this particular question, as framed, was harmless error. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

5. Appellant enumerates as error that the trial court erred "in failing to make clear the legal meaning of the term consent" on its re-charge to the jury. The appellant then argues that the trial court did not inform the jury adequately that there was no issue of "knowledgeable" consent.

At trial, appellant objected both to the initial consent charge and to the re-charge on the specific ground that use of the word "intelligent" to indicate that the consent must be intelligent or that the choice made must be an intelligent choice, was misleading to the jury. " 'The . . . rule is that the scope of review is limited to the scope of the ruling in the trial court *as shown by the trial record* and cannot be enlarged or transformed through a process of switching, shifting, and " 'mending your hold." ' " *Wilson v. State*, 145 Ga. App. 315, 323 (244 SE2d 355). " 'If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground'. . . . [A]n appellate court may not consider objections to evidence not raised at trial [as] there is nothing for this court to review." *Frymyer v. State*, 179 Ga. App. 391 (3) (346 SE2d 573). Thus, appellant's assignment of error, as enumerated, provides nothing for us to review.

Moreover, we are satisfied that the trial court correctly instructed the jury that the assent or dissent to the sexual intercourse is that of an "intelligent assent or dissent." See generally *Morrow v. State*, 13 Ga. App. 189 (2) (79 SE 63); 7 EGL, Criminal Law, § 127. As stated in *Whitaker v. State*, 199 Ga. 344 (1) (34 SE2d 499), "[c]arnal knowledge of an imbecile female, who is mentally incapable of giving an intelligent assent or dissent and to exercise judgment, constitutes rape." This principle equally applies to a female victim, who due to the degree of mental retardation suffered, is incapable of giving an intelligent assent or dissent and to exercise judgment. We are further satisfied that neither the court's original charge nor re-charge as to consent was misleading to the jury.

6. Appellant asserts that the trial court erred in denying his motion for directed verdict of acquittal. "[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311).

" 'When the victim is physically or mentally unable to give consent to the act [as defined in Division 5, above], as when she is [sufficiently] intoxicated, drugged, [mentally retarded], or mentally incompetent, the requirement of force is found in constructive force, that is,

in the use of such force as is necessary to effect the penetration made by the defendant.' " *Drake v. State*, 239 Ga. 232, 234 (236 SE2d 748).

Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

7. Appellant asserts that the trial court erred in allowing the girl's mother to testify as to the psychological effect of the act on the alleged victim. The State asked the mother whether the daughter had gotten better or worse since the incident. The mother responded that the incident "affected her nerves. She just gets raving."

We find the cases of *Kennard v. State*, 180 Ga. App. 522 (349 SE2d 470) and *Sanborn v. State*, 159 Ga. App. 608 (284 SE2d 110) to be distinguishable.

Resolution of this issue is controlled by the precedent of *Toole v. State*, 146 Ga. App. 305 (8) (246 SE2d 338). In *Toole*, we held that "[u]nder the rules of relevancy . . . the trial court did not err in admitting testimony concerning the victim's inability to sleep immediately following the incident. While the probative value of such testimony may be doubtful, it is of at least some evidentiary value as tending to prove force and lack of consent, issues left to the determination of the jury where the defendant alleged consent by the victim." Likewise, we find that this evidence of the victim's ravings and the effect of her nerves at least had some evidentiary value, however slight, as tending to prove force and lack of consent.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

Decided July 10, 1989.

*William H. Newton III*, for appellant.
*Stephen F. Lanier, District Attorney, Fred Simpson, Assistant District Attorney*, for appellee.