Sylvin STREET, Appellant,

v.

UNITED STATES, Appellee.

No. 89–1184.

District of Columbia Court of Appeals.

Argued Nov. 5, 1991.
Decided Jan. 15, 1992.

Jacqueline Baillargeon, Public Defender Service, with whom James Klein and Elizabeth Taylor, Public Defender Service, were on the brief, for appellant.

Bernadette C. Sargeant, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas C. Black and Daniel S. Friedman, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

This appeal involves a challenge to the admission of behavioral changes by the complainant following a rape, offered as evidence relevant to the contested issue of consent.[1] Appellant contends that the trial court abused its discretion in permitting such testimony by the complainant's mother, grandmother, and brother. Appellant also contends that the manner in which the evidence was introduced—through the complainant's family members rather than through the complainant was itself prejudicial because it deprived the appellant of the opportunity to cross-examine the complainant about other possible causes of her behavior. Finally, and more broadly, appellant argues that this court should adopt a per se rule excluding evidence of a rape complainant's post-incident conduct when offered to prove that a rape occurred. Finding no abuse of the wide latitude afforded to trial judges in making evidentiary rulings, and concluding that no basis exists for per se exclusion of such evidence where the defense is consent, we affirm.

## I.

At trial, the complainant testified that appellant approached her shortly before 10:00 p.m. on December 4, 1987 while she was waiting at a bus stop located at Seventh and M streets, S.E., placed a knife to her neck, and forced her to accompany him to an empty apartment, where he raped

---

1. The appellant was convicted of one count of rape while armed, in violation of D.C.Code §§ 22–2801 and –3202 (1989), and one count of kidnapping while armed, in violation of D.C.Code §§ 22–2101 and –3202 (1989).

her. The complainant promptly reported the incident to the police as a rape, and the police arrested appellant on December 14, 1987.

Appellant relied on a defense of consent. To rebut this defense, the government elicited, over defense objection, testimony from the complainant's mother, grandmother, and brother regarding changes in the complainant's behavior following the rape. Specifically, the complainant's mother testified that after the alleged rape her daughter requested that she be escorted to and from the bus stop, that her daughter had not had a boyfriend since the incident, and that she was jumpy, fearful of men on the street, and looked "solemn" when the topic of sexual assaults was discussed in her presence. The complainant's brother testified that, because the complainant was afraid to walk unescorted after the rape, he would accompany her every night from his grandmother's house, where the complainant resided, to his mother's house, where the complainant and her mother would meet before they went to work.[2] The complainant's grandmother testified that after the incident she would meet the complainant at the bus stop when she returned from work in the morning in order to escort her home.

## II.

### A.

Appellant first contends that the trial court abused its discretion in admitting the testimony of the complainant's family members because its highly prejudicial effect outweighed its minimal probative value. According to appellant, the testimony had virtually no probative value because there existed other plausible causes of the complainant's conduct, and was prejudicial because it confused the jury by diverting its attention from the question of guilt or innocence to the complainant's injuries.

■ The determination of the relevance of proffered evidence is committed to the sound discretion of the trial court. *United States v. Mosby,* 495 A.2d 304, 305 (D.C. 1985). In addition, the test for relevance is not a particularly stringent one. *See* E. CLEARY, MCCORMICK ON EVIDENCE § 185, at 542 (3d ed. 1984) (evidence is relevant if it "could reasonably show that a fact is slightly more probable than it would appear without that evidence"); Fed.R.Evid. 401 (relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

■ Applying this standard, it cannot be said that the trial court abused its discretion in concluding that such evidence met the threshold test of relevance. The testimony that the complainant's behavior following the rape changed in a number of ways that were arguably inconsistent with the appellant's defense of consent could reasonably support a conclusion that the evidence made it more probable that she did not consent to intercourse with the appellant. The appellant is, of course, correct that because there exist other possible explanations for the complainant's changes in behavior, those changes do not necessarily compel the conclusion that the complainant did not consent to intercourse. However, "the common objection that the inference for which the fact is offered 'does not necessarily follow' is untenable. It poses a standard of conclusiveness that very few single items of circumstantial evidence ever could meet. A brick is not a wall." *Roundtree v. United States,* 581 A.2d 315, 343 (D.C.1990) (Schwelb, J., concurring in part and dissenting in part) (quoting MCCORMICK, *supra,* § 185, at 543 (footnote omitted)).

■ Nor do we accept the appellant's argument that any probative value of the challenged testimony was outweighed by the potential for prejudice to the appellant. The trial court bears responsibility for determining whether to exclude relevant evi-

---

2. At the time of the rape, the complainant and her mother worked an 11:00 p.m. to 7:00 a.m. shift as nursing assistants at the Grant Park Care Center. The complainant had been waiting at the bus stop to go to work when the rape incident occurred.

dence because of its potential for prejudicial misuse by the jury. *Punch v. United States*, 377 A.2d 1353, 1358 (D.C.1977), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978). Once a trial judge has made such a determination, we will disturb this ruling only upon a showing that the trial court abused its discretion. *Id.* The testimony in this case was not so prejudicial that it constituted an abuse of discretion to admit it. The testimony detailing changes in the complainant's commuting routine cannot fairly be described as inflammatory, and even the testimony that after the rape the complainant remained inside most of the time, was jumpy and fearful of men, and appeared "solemn" when the topic of sexual assault was discussed falls below the level at which evidence is excluded as inflammatory or likely to sway improperly the jury's deliberations. *See, e.g., Pounds v. United States*, 529 A.2d 791, 794 (D.C.1987) (evidence of father's history of sexual intercourse with daughter not unduly prejudicial given its probative value). The possibility that the jury would attach importance to the changes in the complainant's behavior did not require that the trial court exclude such testimony. "[P]rejudice does not simply mean damage to the opponent's cause." McCORMICK, *supra*, § 185, at 545.

We might be presented with a somewhat different case had the changes in the complainant's behavior first occurred at a time markedly subsequent to the incident. While in this case none of the witnesses stated explicitly that the complainant's behavior changed shortly after the rape, this was the clear import of the testimony when construed in the light most favorable to the government. Indeed, the appellant has never claimed otherwise. Rather, appellant's only possible contention in this regard is that the trial court should

not have permitted lay testimony describing changes in the complainant's behavior still in existence eighteen months after the rape. We cannot agree with appellant's characterization at oral argument of the testimony as describing "complex psychological injuries;" much of the challenged testimony merely described changes in observable behavior, most particularly the changes in the complainant's commuting routine.[3] While undoubtedly the trial court may in its discretion exclude testimony of behavior deemed too remote in time, testimony describing a complainant's behavior months after a rape is not necessarily irrelevant where the behavior commenced immediately or shortly after the rape and continued to the time described. *See, e.g., State v. Phillips*, 670 S.W.2d 28 (Mo.Ct. App.1984) (rape victim described mental anguish that continued for eight months following rape); *State v. Ogle*, 668 S.W.2d 138, 142 (Mo.Ct.App.), *cert. denied*, 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 91 (1984) (testimony of rape victim's mother regarding victim's condition continuing more than three years after the rape admissible because remoteness in time goes to weight rather than admissibility of evidence).

### B.

We also reject appellant's next contention, that he was denied the opportunity to cross-examine the complainant about other possible causes of her behavior because evidence of the complainant's post-incident conduct was introduced through the testimony of family members. A number of other courts have permitted the government to negate a defense of consent through lay witnesses relating their observations of a complaining witness's behavior after an alleged rape. *See State v. Shaw*,

---

**3.** Importantly, the testimony lacked the "aura of special reliability" regarding causation that has led several courts to exclude expert testimony that a complainant suffered from rape trauma syndrome when offered to prove that a rape occurred. *See, e.g., State v. Taylor*, 663 S.W.2d 235 (Mo.1984) (en banc); *State v. Saldana*, 324 N.W.2d 227 (Minn.1982). We do not today address whether expert testimony that a complain-

ing witness suffered from rape trauma syndrome would be admissible in this jurisdiction; both parties agree that this is not at issue in this appeal. Where evidence admitted through lay witnesses describes behavior that is readily comprehensible to jurors, expert testimony is not required. *Accord Jones v. Miller*, 290 A.2d 587, 590–91 (D.C.1972).

149 Vt. 275, 542 A.2d 1106, 1107 (1987); *Simmons v. State,* 504 N.E.2d 575, 581 (Ind.1987); *State v. Stanley,* 310 N.C. 353, 312 S.E.2d 482, 489 (1984); *State v. Thomas,* 130 Ariz. 432, 636 P.2d 1214, 1216 (1981) (en banc); *Ely v. State,* 192 Ga.App. 203, 384 S.E.2d 268, 272 (1989); *State v. Burke,* 719 S.W.2d 887, 889 (Mo.Ct.App.1986). In such situations, as in the instant case, defense counsel is free to cross-examine the witnesses regarding the behavioral changes they have observed. Furthermore, defense counsel can cross-examine third party witnesses in this situation on alternative explanations of the complainant's conduct, by, for instance, inquiring as to whether other traumatic events could have caused the behavior in question. Most important, to the extent that cross-examination in this manner could not have illuminated possible alternative explanations of the complainant's conduct, defense counsel could have asked for permission to have the complainant recalled for further cross-examination in view of the new evidence offered by her family regarding her behavior.[4]

## C.

Finally, we decline to follow appellant's suggestion that we adopt on policy grounds a *per se* rule of exclusion of evidence of post-rape changes of behavior. The appellant contends, *inter alia,* that admitting such evidence to prove lack of consent will lead to defense counsel's probing the rape complainant's post-incident conduct to prove consent, thereby frustrating the purpose of the rape shield requirement set forth in *McLean v. United States,* 377 A.2d 74 (D.C.1977). *See Henson v. State,* 535 N.E.2d 1189 (Ind.1989) (admitting expert testimony regarding complainant's post-incident conduct offered by defense to show consent in light of prior decision permitting the prosecution to introduce such testimony to rebut defense's claim of consent). We see no need to engage in such speculation.[5] The admissibility of such evidence can be governed by the trial court's usual weighing of probative value against potential for unfair prejudice.

Indeed, any such *per se* rule of exclusion would be, as far as we can tell, a unique one. On the contrary, our conclusion here that the trial court did not err in admitting evidence of post-rape behavior is, as far as we have determined, consistent with the rulings of all but one of the other courts to consider this issue. *See People v. Coleman,* 48 Cal.3d 112, 255 Cal.Rptr. 813, 768 P.2d 32 (1989) (en banc), *cert. denied,* 494 U.S. 1038, 110 S.Ct. 1501, 108 L.Ed.2d 635 (1990); *State v. Shaw,* 149 Vt. 275, 542 A.2d 1106 (1987); *Simmons v. State,* 504 N.E.2d 575 (Ind.1987); *State v. Stanley,* 310 N.C. 353, 312 S.E.2d 482 (1984); *State v. Thomas,* 130 Ariz. 432, 636 P.2d 1214 (1981) (en banc); *Ely v. State,* 192 Ga.App. 203, 384 S.E.2d 268 (1989); *Brown v. State,* 757 S.W.2d 739 (Tex.Crim.App.1988) (en banc); *State v. Burke,* 719 S.W.2d 887 (Mo. Ct.App.1986); *People v. Pullins,* 145 Mich. App. 414, 378 N.W.2d 502 (1985); *State v. Cummings,* 148 Ariz. 588, 716 P.2d 45 (Ct. App.1985); *State v. Phillips,* 670 S.W.2d 28 (Mo.Ct.App.1984); *State v. Ogle,* 668 S.W.2d 138 (Mo.Ct.App.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 91 (1984); *State v. Johnson,* 637 S.W.2d 157 (Mo.Ct.App.1982).[6] Indeed, the only court to exclude lay testimony regarding a rape complainant's post-rape behavior found the

---

4. Alternatively, as a last resort, defense counsel could have called the complainant as a witness. No trial court ruling stood in the way. We of course recognize that tactical considerations may underlie a decision not to do so, just as with appellant's failure here to cross-examine any of the witnesses about the behavioral changes testified to.

5. We note that defense counsel in this case attempted to show that the complainant's behavior immediately following the incident negated her claim of rape.

6. Some of these cases involved testimony by the complaining witness rather than friends or family members, and two of these cases—*Brown* and *Pullins*—addressed the relevance and admissibility of such lay testimony in unmistakable dicta. However, such differences do not undermine the clear import of these decisions, that lay testimony on a rape complainant's post-incident conduct is in general admissible.

testimony to be relevant but prejudicial on the "unique facts" of the case. *State v. Alexander*, 401 S.E.2d 146 (S.C.1991).

*Affirmed.*