## A93A0841. PULLEN v. THE STATE.

(431 SE2d 696)

BIRDSONG, Presiding Judge.

Appellant Keith Pullen, asserting two enumerations of error, appeals his judgment of conviction of aggravated assault with intent to rape and his sentence; he was found not guilty of burglary. *Held:*

1. Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of aggravated assault with intent to rape. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts the trial court erred by restricting his right to present his entire defense. Specifically, appellant claims the trial court became frustrated with the repeated violation of the rape shield statute by a defense witness, held the witness in contempt in front of the jury, and in essence, caused defense counsel to withdraw the witness from the stand prematurely, thereby depriving the jury of the full measure of this witness' impeaching testimony of the alleged victim. Particularly, it is claimed this witness would have discredited the victim's testimony that she barely knew appellant. Appellant also asserts the trial court anticipated that a second witness, who allegedly had been intimidated by knowledge of the trial court's threat to jail the first witness, likewise would violate the rape shield statute; and that the court thereafter chided the witness and unduly restricted his impeaching testimony regarding the scope of the victim's prior association with and knowledge of appellant.

Appellant testified in his own behalf denying that he had committed the offenses. However, appellant admitted entering the victim's apartment (though claiming at her invitation), kissed her while she was seated on a kitchen counter, lost his balance, accidentally fell to the floor pulling the victim with him; and that in the course of the fall the victim hit her head on the counter, and thereafter became hysterical and ran from the apartment. Appellant claimed he was completely surprised by the victim's response, and that he subsequently fled to his own apartment located nearby. Appellant's presence in the apartment thus was not contested; rather, the jury was confronted with issues of witness credibility as to what had happened in the apartment between appellant and the victim.

As its basic trial strategy, the defense relied on appellant's claim of an accident and his denial that he had committed the averred offenses, and sought to enhance the posture of the defense by discrediting the victim's credibility. In support of this strategy, the defense called two witnesses, friends of appellant, who were to testify as to certain inconsistencies regarding prior statements attributed to the victim.

(a) The first defense witness, Freeman, after having previously been warned to be responsive to counsel's questions and not to volunteer such unsolicited information, testified that he had slept with the victim. At this point, the trial court stated in the presence of the jury: "Young man, I'm going to hold you in contempt." The jury was removed from the courtroom; an out-of-court hearing was conducted;

subsequently, trial resumed; defense counsel elected to ask his witness no further questions; the witness was subjected to cross-examination before being excused. At no point in the proceedings did defense counsel move for a mistrial (compare *Flourney v. State,* 257 Ga. 265 (357 SE2d 574)) or otherwise object on the grounds that the trial court's comment in the jury's presence constituted error; further, appellant does not enumerate as error these remarks in the jury's presence. As the issue was not raised below by timely and specific objection, it is not preserved on appeal. See *Lawton v. State,* 259 Ga. 855, 856 (2) (388 SE2d 691). Further, this issue was not reasonably raised in the enumeration of errors, and "[o]n appeal an enumeration of error cannot be enlarged by [a] brief to give appellate viability to an issue not contained in the original enumeration." *Chezem v. State,* 199 Ga. App. 869, 870 (2) (406 SE2d 522).

(b) Likewise, defense counsel, by electing not to make a timely motion for mistrial or to seek other corrective action timely, failed to preserve any issue for appellate review as to whether the trial court erroneously restricted his right to present his entire defense. See *Lawton,* supra.

Defense counsel testified at the hearing on the motion for new trial that at the time of the incident with the witness Freeman, he did not want a mistrial. This court is not oblivious to the posture of the trial at that time, which included the jury's exposure to the repeated remark of the witness that he had slept with the victim, which had no relevance to this case and which clearly would impugn the victim's character. Further, even after another defense witness, Bagiatis, testified and certain of his testimony had been ruled inadmissible by the trial court, appellant's counsel did not make a timely motion for mistrial, or otherwise assert on the record that appellant had been denied a reasonable opportunity to present his entire defense. A party cannot ignore, during trial, what he thinks to be an injustice, taking his chance on a favorable verdict, and then complain following an unfavorable verdict. *Hollis v. State,* 191 Ga. App. 525, 528 (5) (382 SE2d 145).

However, appellant's counsel did timely and specifically object after the trial court ruled that the witness, Bagiatis, could not testify as to seeing the victim "at a bar or something" at a time when appellant and other people were also present. The trial court did not abuse its discretion in excluding such testimony.

(c) We recognize that the curative instruction given to the jury, regarding the exclusion of testimony of the witness Freeman, was less than a model of clarity. However, an examination of that charge in its totality and that portion of the record pertaining to Freeman's testimony reveals the jury was not instructed, as averred by appellant, to disregard Freeman's direct testimony in its totality. Moreover, on

cross-examination, Freeman subsequently testified that he had never seen the victim act the least bit flirtatious with appellant even though he had been with both appellant and the victim in large groups on a number of different occasions. Thus, the jury was made aware through Freeman's testimony that the victim previously had been present in group settings with appellant.

(d) Assuming arguendo that all error asserted within this particular enumeration had been adequately preserved for appeal, we are satisfied the trial court did not abuse its discretion, under the circumstances of this case, in excluding the testimony in question. The testimony was of questionable probative value, particularly in relation to its potential for prejudice. Although a neighbor testified the victim had told her, after she had run out the door of her residence pulling up her shorts, that her attacker was somebody she had met at a party, someone she did not really know or know how he knew where she lived, and someone who was not a friend, the victim testified during cross-examination that she had *not* told the neighbor that she did not know who her attacker was or that she did *not* "even know him really." Further, although denying she had ever been with appellant at a party at Bagiatis' house, the victim testified she met appellant at a pool party two years ago, and had known him since that time. She testified in essence that after she started seeing one of appellant's friends she then saw appellant frequently at his friend's house. She further testified that she had not seen appellant for about seven months prior to the attack. She considered appellant an "acquaintance kind of friend." Moreover, the record tends to refute that either of the defense witnesses could testify as to any prior sexual relationship between appellant and the victim, thus underscoring the potential for prejudice in the proposed testimony's attack on the victim's character by innuendo. In fact, in view of appellant's claim of an accident, the trial court was certainly within its discretion in excluding evidence of the victim's flirtation with appellant on any prior occasion and her previous presence with appellant and others at bars. In this regard, appellant did *not* testify as to any prior sexual activity with the victim and, although claiming he had once spent the night in her apartment, admitted subsequently that he had slept on the couch. He was allowed, however, to testify as to her prior flirtatious conduct with him, including her grabbing of his buttocks and her rubbing of his back. One of the defense witnesses was allowed to testify as to a prior occasion when the victim made a so-called "come-on" to appellant by sitting upon his lap and hugging him. Appellant denied striking the victim, and consistently maintained the victim had bumped her head and had become hysterical when appellant accidentally fell, pulling her off a counter as he was kissing her. He testified to no other form of sexual contact, consensual or otherwise, between the

victim and himself on the day in question. Under the circumstances of this case, we find no abuse of discretion by the trial court in excluding the evidence at issue. A trial court may exercise its discretion in balancing the probative value of evidence against its tendency to prejudice the jury unduly in determining admissibility. Cf. *Carroll v. State,* 261 Ga. 553 (2) (408 SE2d 412). Assuming without deciding the excluded evidence had some logical relevance, the posture of the record reveals that the trial court could exclude the evidence in question without breaching its discretion, on the grounds that it failed to meet the legal relevance test; that is, that the probative value of the evidence was outweighed, under the attendant circumstances, by its tendency to unduly prejudice the jury. See *Carroll,* supra. It is well settled that on appeal the correct ruling of a trial court will not be reversed regardless of the reason given therefor. *Ely v. State,* 192 Ga. App. 203 (4) (384 SE2d 268); accord *Tony v. Pollard,* 248 Ga. 86 (1) (281 SE2d 557).

3. The record reflects that, although the written amended motion for new trial asserts denial of effective assistance of counsel as one of the grounds for new trial, neither the motion nor any other document in the record contains an express request for an evidentiary hearing on this issue. See generally *Dawson v. State,* 258 Ga. 380 (2) (369 SE2d 897). Nevertheless, a subsequent hearing on the motion for new trial was held, which was announced without opposition, as being for the purpose of taking testimony as to the first two issues contained in the amended motion for new trial, which included the ground of effective assistance. Following this hearing the trial court made no express findings regarding that issue, but denied the motion for new trial, as amended, on each ground.

It is asserted that actual prejudice to the defense need not be established to obtain reversal, as a conflict of interest arose from his counsel's duty to provide effective adversarial representation of appellant, in conflict with counsel's desire to protect the witness Freeman, who was the son of a fellow lawyer and good friend, from being cited for contempt.

The United States Supreme Court clarified in *Strickland v. Washington,* 466 U. S. 668, 692 (104 SC 2052, 80 LE2d 674) that "[i]n certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of . . . counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance. See *United States v. Cronic,* [466 U. S. 648, 659, and n. 25 (104 SC 2039, 80 LE2d 657)]. Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost." We have examined the entire record, including the transcript of the motion for new trial, and find that appellant has failed to show such denial of assistance or interference with counsel as

to rise to the level of such a Sixth Amendment denial, within the meaning of *Cronic,* supra, and *Strickland,* supra. In fact, "only when surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance at trial." *Cronic,* supra at 662. The circumstances in this case do not come close to justifying such a presumption. However, *Strickland,* supra at 692, citing *Cuyler v. Sullivan,* 446 U. S. 335 (100 SC 1708, 64 LE2d 333), also recognized a type of *actual* ineffectiveness claim, under the Sixth Amendment, which is said to warrant a similar, though more *limited,* presumption of prejudice. The United States Supreme Court also observed, "[i]n *Cuyler v. Sullivan,* [supra] at 345-350, the Court held that prejudice is presumed when counsel is burdened by an *actual conflict of interest.* In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. . . . Even so, the rule is not quite the *per se* rule of prejudice that exists for the Sixth Amendment claims mentioned above. Prejudice is presumed only *if the defendant demonstrates* that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.' " (Emphasis supplied.) *Strickland,* supra; accord *Tarwater v. State,* 259 Ga. 516 (383 SE2d 883). Actual conflict is not established by ingenious claims in appellate briefs inadequately supported by the record.

Further, " '[a] mere possibility of conflict is insufficient to impugn a criminal conviction amply supported[, as in this case,] by competent evidence.' " *Daniels v. State,* 192 Ga. App. 446, 449 (385 SE2d 107); accord *Cuyler,* supra at 350. Not only has appellant failed to carry his burden in this matter, but a reasonable inference may be drawn from the testimony of appellant's former counsel at the motion for new trial hearing, coupled with an examination of the circumstances surrounding defense counsel's conduct at trial, that defense counsel made an informed choice to proceed as a matter of trial tactic. For example, it can reasonably be *inferred* that defense counsel acted only incidentally to protect any witness from a contempt citation, and primarily to protect continually the case from resulting in a mistrial, appellant having testified in his own behalf that the injury to the victim happened during an accident and, it being perceived by counsel, that appellant had benefitted from the jury's awareness, albeit unauthorized, of the victim's alleged acts of promiscuity with the witness Freeman.

In view of the lack of showing of an actual conflict of interest, the proper test to be employed regarding effectiveness of counsel is the two-prong test of *Strickland,* supra. However, pretermitting whether defense counsel's performance was deficient, within the meaning of *Strickland,* supra, is the question whether appellant has established

by a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See generally *Cofield v. State,* 204 Ga. App. 776, 779 (420 SE2d 597); accord *Smith v. State,* 262 Ga. 480 (422 SE2d 173); *Hand v. State,* 205 Ga. App. 467, 469 (422 SE2d 316). Appellant has failed to establish such prejudice of result within the meaning of *Strickland,* supra.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED APRIL 16, 1993.

*Joseph J. Drolet,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Anita T. Wallace, Assistant District Attorneys,* for appellee.