63422. CHAMBERS v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of possession of methaqualone in violation of the Georgia Controlled Substances Act.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal. Police officers received information that marijuana and quaaludes were being sold out of a yellow Toyota, Georgia license CDM-746, in the parking lot of a restaurant. When the officers arrived, appellant was approaching the described car. When asked, appellant told the officers that the locked car was his. In a search of the car, the legality of which is not contested on appeal, marijuana and a quaalude were discovered. The quaalude was in a medicine bottle on the console of the car. The medicine bottle bore appellant's name. At the scene and at trial, appellant acknowledged that he had purchased the marijuana from an individual named "Snake" MacDonald, appellant's regular marijuana supplier and known to appellant also to sell quaaludes. With regard to the presence of the quaalude in the vehicle, however, the evidence is in conflict. The officers testified that appellant explained the presence of the quaalude in the medicine bottle in his vehicle by stating to them that Snake had wanted to leave "something" in the car and that appellant had told Snake to put "it" in the empty bottle on the console. At trial, appellant denied having any knowledge of the presence of the quaalude in his car and denied having offered the officers any explanation whatsoever for the drug's presence in the medicine bottle on the console.

"The contents of an automobile are presumed to be those of one who operates and is in charge of it, and this applies particularly where the operator is also the owner, as here. [Cit.]" *Williams v. State,* 129 Ga. App. 103, 106 (198 SE2d 683) (1973). "Where immediate and exclusive possession of an automobile . . . is shown, the inference is authorized that the owner of such property is the owner of what is contained therein, and this inference has been referred to as a rebuttable presumption. [Cits.]" *Watson v. State,* 93 Ga. App. 368 (91

SE2d 832) (1956). Appellant testified that several other named individuals had been in his car during the week prior to and on the morning of the day he was arrested. The asserted erroneous denial of the motion for a directed verdict of acquittal is premised upon this testimony, which appellant, citing *Farmer v. State,* 152 Ga. App. 792 (264 SE2d 235) (1979), urges precluded any inference or presumption that he had possession of the quaalude from arising merely because it was discovered in his automobile. "[W]here an accused presents any competent evidence that others have had equal access to the vehicle where contraband material is found, it cannot be inferred as a matter of fact, giving rise to a presumption of law, that based solely upon ownership or operation he or she was in actual or constructive possession of the contraband." *Farmer,* 152 Ga. App. at 796, supra.

In the instant case, unlike *Farmer* and *Davis v. State,* 146 Ga. App. 629 (247 SE2d 210) (1978), the vehicle was owned by appellant and was in his immediate and exclusive control at the time the drug was discovered. Also, again unlike *Farmer* and *Davis,* the contraband was not merely discovered in an openly accessible part of the vehicle itself but in a medicine bottle bearing appellant's name, the ownership of which bottle appellant admitted. See generally *Castleberry v. State,* 152 Ga. App. 769, 770 (264 SE2d 239) (1979) (admitted ownership of container in which contraband was discovered). Moreover, unlike *Farmer* and *Davis,* although not uncontroverted, there was evidence that appellant knew that "something" was contained in the medicine bottle. See *Moore v. State,* 155 Ga. App. 149, 152 (270 SE2d 339) (1980). While appellant testified that others had previous access to his vehicle, his testimony falls short of showing that such access was "equal" to his as the admitted owner of the vehicle *and* of the container in which the contraband was found. Appellant's testimony was not such "competent evidence" of equal access as to be sufficient to rebut, as a matter of law, the presumption of possession of the drug otherwise arising out of the circumstances under which it was found. See generally *Nixon v. State,* 139 Ga. App. 48 (228 SE2d 21) (1976); *Tamez v. State,* 148 Ga. App. 307, 308 (1) (251 SE2d 159) (1978).

We find no error in the giving of a charge on the rebuttable presumption of ownership of the quaalude. "As defendant was the driver and the owner of the automobile, in the absence of any circumstances to the contrary, the drugs found in the automobile are presumed to be his and to be in his possession. [Cits.] Of course, the evidence of [']equal access['] to the drugs would be sufficient to overcome the presumption that the contraband belonged to the defendant and was in his possession. Whether or not this evidence was sufficient to rebut the inference arising from the finding of the

drugs in the automobile is a question for the jury to decide. The jury decided this question adversely to him. [Cits.]" *Moore v. State,* 155 Ga. App. 149, 150-151, supra. The evidence authorized the verdict of guilty and did not demand an acquittal. See generally *Bradley v. State,* 137 Ga. App. 670 (1) (224 SE2d 778) (1976).

2. Appellant enumerates as error the giving of certain jury instructions. We find no reversible error in the charges for any reason asserted on appeal. See generally *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872) (1972); *Rush v. State,* 137 Ga. App. 387, 390 (6) (224 SE2d 39) (1976); *Moore v. State,* 155 Ga. App. at 152 (4), supra.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 25, 1982.

*Larkin M. Fowler, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.