## 76894. MARTIN et al. v. CHILDREN'S SESAME, INC.
### (372 SE2d 648)

BANKE, Presiding Judge.

The Martins and their minor daughter, Angela, sued the appellee to recover for personal injuries which Angela had sustained at the appellee's day-care center, when her twin sister slammed a rest room door on her finger, severing the fingertip. The jury returned a verdict in favor of the defendant, and the Martins filed this appeal from the denial of their motion for new trial. *Held:*

1. Defendant has moved to dismiss the appeal on the ground that the plaintiffs failed to file their motion for new trial within 30 days after the entry of the final judgment in the case, as required by OCGA § 5-5-40. See generally *Johnson v. State*, 227 Ga. 219 (180 SE2d 94) (1971).

OCGA § 5-5-41 (a) gives the trial judge the discretion to allow the filing of an extraordinary motion for new trial after the expiration of the 30-day period where "some good reason [is] shown why the motion was not made during such period." Normally, of course, the "good reason" necessary to permit the filing of an extraordinary motion for new trial consists of newly discovered evidence. However, the late filing of a motion for new trial may also be predicated on circumstances other than newly discovered evidence. See *Union Life Ins. Co. v. Aaronson*, 109 Ga. App. 384 (136 SE2d 142) (1964); *Jones v. Cooke*, 169 Ga. App. 516 (313 SE2d 773) (1984).

In explanation of the late filing of their motion for new trial, the plaintiffs submitted affidavits showing without dispute that on two occasions during the period in which a timely motion for new trial could have been filed, they were informed by the clerk's office that the judgment had been filed on April 18, 1987. In actuality, the judgment had been filed on April 13, 1987; but because the ink on the filing stamp was smudged, the "3" appeared to be an "8"; and it was misinterpreted as such by personnel in the clerk's office. In reliance on that interpretation, the plaintiffs filed their motion for new trial on May 18, 1987, which would have been within the 30-day period had the representations made to them by the clerk's office been correct. Under these circumstances, we cannot say that the trial judge abused his discretion in concluding that the late filing of the motion

was supported by "good reason" within the contemplation of the statute. The defendant's motion to dismiss the appeal is consequently denied.

2. The plaintiffs contend that the trial judge improperly excluded evidence of a previous incident at the day-care center in which another child's fingers had been caught in the same door.

"As a general rule in all negligence actions, evidence of similar acts or omissions is not admissible. [OCGA § 24-2-2] (cit.). However, '(i)f proof of a similar accident or similar method of acting tends to prove some fact of the case on trial, the testimony falls within an exception — such as to show knowledge of a defect (cit.), or causation (cit.) or to rebut a contention that it was impossible for the accident to happen in the manner claimed (cit.).' (Cit.) Independent testimony of other transactions has also been admitted to show the prior existence of a dangerous condition." *Gunthorpe v. Daniels*, 150 Ga. App. 113-114 (257 SE2d 199) (1979).

In the present case, the defendant stipulated before the jury that it "had prior knowledge . . . that children in the day-care center slam or close doors in the center, including the door involved in the injury to Angela Martin, and that the possibility of injury to children existed when that occurred." In light of this stipulation and of the plaintiffs' failure to show that the potential for injury presented by the operation of the door in question was greater than that presented by any of the other doors at the day-care center or, for that matter, by doors in general, we hold that the trial court did not abuse its discretion in determining that the probative value of the excluded evidence was outweighed by its potential for prejudicing the jury. See generally *Clark v. State*, 149 Ga. App. 641, 645 (255 SE2d 110) (1979).

3. We reject the plaintiffs' contention that the verdict was contrary to the evidence. The defendant in this case introduced evidence tending to show that it was in compliance with all pertinent state regulations governing the operation of day-care centers and that it had otherwise exercised reasonable care for the safety of the children. The burden of proving negligence was on the plaintiffs; and "[i]n the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence. . . ." *Pembrook Mgt. v. Cossaboon*, 157 Ga. App. 675, 676 (278 SE2d 100) (1981).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Charles J. Vrono*, for appellants.

*Wade K. Copeland*, for appellee.