## S89A0337. MAINOR v. THE STATE.
### (387 SE2d 882)

CLARKE, Chief Justice.

Kenneth Mainor was convicted of felony murder, possession of a firearm during the commission of a felony, and criminal trespass. He appeals. We affirm.[1]

1. In his first enumeration of error, Mainor asserts that the evidence of aggravated assault, the predicate felony for the felony murder charge, was insufficient to support the conviction. Construing the evidence in a light most favorable to the verdict, the record shows that Ernest Lightsey, Jr. and his wife, Hazel Lightsey were hunting with permission on the Ivanhoe Plantation. She was in a tree stand, hunting hogs with a rifle. He was in another tree stand further down the trail, hunting deer with bow and arrows. Hazel Lightsey heard a gunshot, then another, then three more. She walked toward her husband's tree stand. She found him lying mortally wounded in a clear-

---

[1] The crimes occurred on September 26, 1987. Appellant was indicted on September 22, 1988. He was convicted on March 23, 1989, and sentenced to life imprisonment plus a term of years the same day. Appellant filed a motion for new trial on April 4, 1989; the motion was heard and denied on May 18, 1989. The notice of appeal was filed May 31, 1989 and amended on July 26, 1989. The case was docketed in this court on July 31, 1989, and was submitted for decision without oral argument on September 15, 1989.

ing a short distance from his tree stand. She screamed for help. After calming herself down, she went back to their truck to get help.

Mainor admitted that he had been out playing cards all night before the shooting occurred. His friend dropped him off to hunt on the Ivanhoe Plantation near the site where the Lightseys were hunting. He was hunting deer with a shotgun, without permission, and out of season. He admitted that he shot the two does that were found a short distance (1,000 feet) away from where Ernest Lightsey's body was found.

Expert testimony indicated that Ernest Lightsey was shot with number 1 buckshot. The pellets entered his body from the left side and travelled out on the right side of his body. Marks on surrounding bushes and trees indicated that the shot or shots that killed Ernest Lightsey were fired from a kneeling or squatting position behind some trees approximately 25 feet away. The ballistics expert could not positively identify the buckshot pellets found in Ernest Lightsey as having been fired from the gun that Mainor was using that day. But, the pellets found in the two deer and in Ernest Lightsey were all number 1 buckshot.

There was no evidence that anyone else had been hunting on the plantation that morning. When questioned about the incident, Mainor gave several contradictory stories. He did not admit, however, ever seeing the Lightseys.

We conclude that the evidence would authorize a rational trier of fact to find the defendant guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mainor next complains that the court erred in failing to charge the jury on the "two equal theories rule" of circumstantial evidence. The trial court's refusal to give the charge, in the exact language requested, is not error in this case because the court gave a charge on circumstantial evidence that covered the same principle of law.[2] *Kelly v. State*, 241 Ga. 190 (243 SE2d 857) (1978).

3. Mainor next asserts that several of his in-custody statements should have been excluded because the questioning took place at several locations (at the station, near the plantation and at the plantation) and *Miranda* warnings were not re-read each time he was

---

[2] Mainor requested the court to charge, "[w]here all of the facts and circumstances of the case, and all reasonable deductions therefrom, present two equal theories, one of guilt and the other of innocence, then the jury must acquit." The court refused to give that charge and charged instead,

[c]ircumstantial evidence alone will not justify a finding of guilt unless the circumstances are entirely consistent with the defendant's guilt, wholly inconsistent with any reasonable theory of the defendant's innocence and are so convincing as to exclude a reasonable doubt of the defendant's guilt.

moved. The trial court, after hearing evidence regarding the circumstances surrounding the statements, found that, although defendant was transported to the hunting site, the statements made during each trip to the site were part of a continuous interview.

A trial court's factual findings relating to the admissibility of evidence will be upheld on appeal unless clearly erroneous. *Short v. State*, 256 Ga. 165 (345 SE2d 340) (1986). Here, the court's determination that the interviews were continuous is not clearly erroneous. Therefore, it was not necessary to re-advise Mainor of his *Miranda* rights when. he reached the hunting site.

4. Mainor next asserts that the court improperly allowed the state to proceed on an indictment for malice murder and felony murder arising out of the same facts. He contends that the constitutional protection against double jeopardy should have required the state to elect one of the two theories.

It is well established that it is not error for the trial court to allow the state to seek a murder conviction under the alternative theories of malice or felony murder, as long as the trial court's charge to the jury makes it clear that the defendant could be convicted of only one count of murder. *Baty v. State*, 257 Ga. 371 (359 SE2d 655) (1987). A review of the trial court's charge to the jury in this case reveals that the jury was clearly instructed that the defendant could not be found guilty of both malice and felony murder. Therefore, we find no error.

5. Finally, Mainor contends that the court's instructions regarding the form of the verdict were suggestive and misleading. After reviewing the charge, we find this contention to be wholly without merit.

In conclusion, we find no error by the trial court below. The conviction is therefore affirmed.

*Judgment affirmed. All the Justices concur, except Bell and Benham, JJ., who dissent.*

BENHAM, Justice, dissenting.

Because I cannot agree that the evidence adduced at trial was sufficient to authorize appellant's conviction of felony murder, I must dissent.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Although there is in the record of this case sufficient evidence to authorize a finding that appellant fired the shot that killed the victim, proof that appellant fired the fatal shot is not sufficient to support his conviction of felony murder. The underlying felony being aggravated assault, it was necessary that the

evidence establish the elements of the offense of aggravated assault. *Woods v. State,* 233 Ga. 495, 501 (212 SE2d 322) (1975).

One of the elements of aggravated assault is intent to injure. *Riddle v. State,* 145 Ga. App. 328 (1) (243 SE2d 607) (1978), overruled on other grounds, *Adsitt v. State,* 248 Ga. 237 (6) (282 SE2d 305) (1981). The record of this case is totally devoid of any evidence from which it could be inferred that appellant fired his shotgun with any intent to injure the victim. In fact, from the evidence that the fatal shot was fired from a position screened by brush from the victim's position, and evidence that the victim's wife, from only 20 yards away, heard no voices, just movement, the hypothesis that appellant shot at the motion of an unidentified target is even more reasonable than the State's hypothesis that the victim discovered appellant poaching and confronted him. While the evidence certainly would support a finding that appellant, by hunting out of season on property where he had no permission to hunt, was engaged in criminal conduct, it does not support a finding that appellant intended to harm a human being; it does not, therefore, support a finding of guilty of aggravated assault; and it does not, therefore, support appellant's conviction of felony murder.

Legislative action subsequent to the events involved here would permit indictment for and conviction of felony murder based on the circumstantial evidence adduced at appellant's trial.

> Any person who while hunting uses a firearm . . . in a manner to endanger the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm to or endanger the safety of another person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor; provided, however, if such conduct results in serious bodily harm to another person, the person engaging in such conduct shall be guilty of a felony. . . . [OCGA § 16-11-108 (a) (Ga. L. 1989, p. 292, § 1, effective March 30, 1989.)]

Under the evidence in this case, a jury would be authorized to find that appellant was "shooting at motion" rather than at a clearly visible target, that he was hunting deer with a shotgun at a time when he knew it was illegal for him to be hunting as he was, that bow hunters might be in the woods, and that he was hunting on private property without permission. Under those facts, an indictment for felony murder with a violation of § 16-11-108 as the underlying felony would clearly lie, and a conviction would be authorized. However, § 16-11-108 was not in effect when the victim was killed and appellant's conduct, though illegal and reprehensible, was not shown by the evidence

at trial to constitute the offense of felony murder. For that reason, I must dissent to the affirmance of his conviction.

I am authorized to state that Justice Bell joins in this dissent.

DECIDED FEBRUARY 7, 1990.

*Clyde M. Urquhart*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, William B. Hill, Jr., Deputy Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Leonora Grant*, for appellee.