### A91A0578. MAGHER v. THE STATE.
(405 SE2d 327)

McMURRAY, Presiding Judge.

Defendant Magher appeals her conviction of the offense of driving under the influence of alcohol. *Held*:

1. Defendant contends the results of the breath test given her should not have been admitted into evidence since she was denied an opportunity to obtain an independent blood test. The State presented evidence that defendant was repeatedly instructed as to her right to an additional test as provided under OCGA § 40-6-392 (a) (3), and that defendant, while confused, eventually stated that she did not want an additional test. Defendant presented evidence that she had repeatedly asked for an additional test. The trial court's order refers to an "unintentional misunderstanding" by law enforcement officers and defendant resulting in a " 'justifiable failure to obtain an additional test.' " Nonetheless, it is clear that the trial court resolved the credibility issues in favor of the State, finding that the law enforcement officers were patient in explaining the implied consent rights to defendant and that "this is not an instance where the officers totally refused a defendant's request [for an additional test]." The conflict in the evidence having been resolved in favor of the State, that is, the trial court having concluded that defendant did not effectively communicate to the officers any desire for an additional test, the trial court did not err in denying defendant's motion to suppress the evidence. *Mainor v. State*, 259 Ga. 803, 805 (3) (387 SE2d 882).

2. In her second enumeration of error, defendant contends that evidence concerning the results of the intoximeter test of her breath should not have been admitted into evidence since the breath test was not performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation. This contention is based in large part on the alleged failure of officers to observe defendant for a period prior to administering the test in order to avoid erroneous test results. There was evidence that alcohol residue in the mouth from recent consumption of alcohol or regurgitation after consumption could result in elevated intoximeter test results so that a 20-minute waiting period prior to testing is necessary to avoid

contamination of the breath sample. Assuming, without deciding, that defendant has presented evidence that this 20-minute waiting period has been incorporated in the objective methods administratively promulgated in accordance with OCGA § 40-6-392 (a) (1), we find that there is ample evidence that defendant was observed for at least this period of time prior to the breath test by either the arresting officer, the intoximeter operator, or both. Compare *State v. Richardson*, 186 Ga. App. 888, 889 (1) (368 SE2d 825). The testimony of these officers shows that the defendant was in custody and did not exhibit any illness which could result in contamination of her breath sample.

Similarly, the State's evidence contradicts defendant's contention that she had any volatile materials on or about her person such as would influence the results of an intoximeter test. Nor was there any transmission made from radio equipment in close proximity to the intoximeter. This enumeration of error is without merit.

3. Defendant contends in her third enumeration that the trial court erred in admitting evidence that an alkasensor test gave a positive reading for alcohol since the State failed to lay a proper foundation by showing that the test had been performed by an instrument approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation. However, under the reasoning stated in *Riley v. State*, 175 Ga. App. 810 (1) (334 SE2d 863), any error was harmless.

4. Next, the defendant contends that the trial court erred in charging as to the presumptions provided in OCGA § 40-6-392 (b) since results of the intoximeter test provided no evidence of alcohol in her blood. It is clear from our statutes, as well as the evidence in the case sub judice, that a breath test is used to determine the amount of alcohol in a person's blood. There was no lack of evidence of the correlation between the alcohol content of a person's blood and breath. This contention is without merit. *Fudge v. State*, 184 Ga. App. 590, 592 (5) (362 SE2d 147).

5. Lastly, defendant contends that the trial court erred in admitting into evidence an "in-custody" statement of the defendant that was not supplied to the defendant after a request for same in accordance with OCGA § 17-7-210. The State maintained that defendant was not in custody at the time the statement was made. At a hearing outside the presence of the jury, the arresting officer testified that after giving defendant the alkasensor test she had made the statement at issue, that she had had more to drink that evening than she had earlier indicated. The officer stated that based on this statement, combined with other factors, he decided to arrest and did arrest defendant.

"The test for determining whether a person is 'in custody' at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. *Berkemer v. Mc-*

*Carty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984)." *Hughes v. State*, 259 Ga. 227, 228 (1) (378 SE2d 853). The trial court's determination that defendant was not in custody prior to the time of the officer's decision to arrest her is not clearly erroneous, thus will not be disturbed on appeal. *Mainor v. State*, 259 Ga. 803, 805 (3), supra.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 3, 1991.

*M. Lynn Young*, for appellant.

*Lydia S. Jackson*, Solicitor, *Graham McKinnon IV*, Assistant *Solicitor*, for appellee.