## A91A0377. WILDER v. THE STATE.
(405 SE2d 337)

BANKE, Presiding Judge.

The appellant was convicted of robbery. His sole contention on appeal is that the trial court erred in denying his motion to dismiss the case for want of prosecution.

The trial commenced on July 17, 1990. After presenting its first witness, the state informed the court that its remaining two witnesses were enroute from Missouri and that their flight had not yet arrived. The court thereupon recessed the jury until "4 o'clock" and commenced jury selection in another case. The missing witnesses arrived later that day; but when they did, the judge decided, sua sponte, to recess the trial until the next morning. *Held:*

The appellant complains that the trial court should have dismissed the case under the circumstances rather than grant the state an unauthorized continuance. However, it is apparent from the transcript that no continuance was granted. Rather, the trial court simply recessed the trial for a few hours to await the arrival of the missing witnesses and then, after they arrived, decided to recess for the day. The appellant does *not* suggest how he was prejudiced by this proce-

dure, and we are unable to imagine how he could have been. Moreover, even if a continuance had been granted, it is axiomatic that it is within the discretion of the trial court to grant or refuse to grant a continuance to either party. See *Foster v. State*, 213 Ga. 601 (100 SE2d 426) (1957).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 4, 1991.

*M. Byron Morgan*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.