A91A1391. D'ANNA v. THE STATE.
(412 SE2d 857)

ANDREWS, Judge.

Defendant appeals his convictions for being an habitual violator and possession of less than an ounce of marijuana. He was acquitted of DUI and attempting to elude the police, based on the same incident.

The evidence was that Sgt. Whitlock was patrolling at 3:30 a.m. on Buford Highway when he noticed a pickup travelling toward him. He activated his radar and clocked the truck at 61 mph. He turned

around to pursue the truck and it sped up. Whitlock described the driver as a white male with brown hair.

Although Whitlock called for backup and Officer Finn responded, coming up Buford Highway in the opposite direction, the truck eluded them. Whitlock backtracked and located the pickup parked behind a commercial establishment. There were no occupants in the truck but the engine was warm and there was the odor of burning rubber. Upon the arrival of Officer Finn, they looked into the truck and saw two purses on the seat. The keys were not in the truck.

Officer Finn began searching the area and saw defendant walking along Buford Highway. He directed him to cross the street and defendant did not respond initially, but did obey a second request. Officer Finn, with defendant's consent, conducted a pat down, discovering a bulge in defendant's front waistband. Upon investigating, Finn found a wallet and a set of keys stuffed in the waistband. Upon being asked his name and birthdate, defendant gave his first and middle name, but not his last and an incorrect birthdate. He denied the truck belonged to him. The truck was owned by a friend of defendant's. Defendant said he had been selling T-shirts with his girl friend at an intersection and somebody had just dropped him off there. He said he was looking for a pay phone to call someone to come pick him up.

Officer Finn gave the keys to Sgt. Whitlock. The keys started the truck. Sgt. Whitlock returned to Finn and defendant and announced this. Defendant then said that the truck belonged to a friend and he was driving it.

1. Prior to trial, defendant made a request pursuant to OCGA § 17-7-210 for any statements made by him. None had been provided.

Upon the introduction of the statement, defendant objected on this basis. The court excused the jury and conducted the hearing required by *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). The court ruled the statement was voluntary and was not the result of questioning, but was spontaneously offered by defendant. The court further held that defendant was not under arrest at the time the statement was made, therefore there was no violation of the statute. We disagree.

OCGA § 17-7-210 (a) and (c) provide that at least ten days before trial, "the defendant shall be entitled to have a copy of any statement given by him while in police custody[,]" and that "[f]ailure of the prosecution to comply with a defendant's timely request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use. . . ."

The issue here is whether at the time the statement was made, defendant was "in police custody." *Coney v. State*, 198 Ga. App. 272, 273 (1) (401 SE2d 304) (1991).

While Sgt. Whitlock's testimony was contradictory as to when

the statement occurred, it is not disputed that after the keys found on defendant had started the truck it was the intention of the officers to arrest defendant, whether the formal arrest had occurred or not. The statement also occurred at a time when defendant believed he was not free to leave. Both officers also agreed that, after the location of the keys and wallet, defendant was not free to leave, although the decision to formally arrest came later. See *Shy v. State*, 234 Ga. 816, 821 (1) (218 SE2d 599) (1975). Therefore, the court was in error in concluding that OCGA § 17-7-210 did not apply. The statement was inadmissible. *Coney*, supra.

Improper admission of such a statement does not require reversal if it is highly probable that its admission did not contribute to the verdict because evidence, exclusive of the statement, was overwhelming. Id.; *Davis v. State*, 198 Ga. App. 375 (2) (401 SE2d 581) (1991).

Defendant testified that he was a passenger in the truck and his girl friend, who had brown curly hair similar to his, was driving because he was inebriated and was asleep in the passenger seat. He was an habitual violator and she drove him to and from work in the friend's truck. He and she had met at AA and he was in rehabilitation. She was angry with him and decided he should walk home. He denied seeing the police car following them and there was no evidence the police employed their sirens during the pursuit. When she pulled behind the store, he grabbed the keys so she would also have to walk and began walking down the highway. She ran from the scene because of prior difficulty with the law. Defendant said the purses in the truck belonged to her. Although he had sent her a subpoena for the trial, he had been unable to locate her and she did not testify.

Because the evidence here of defendant's driving the truck, aside from the statement, was wholly circumstantial and defendant offered a reasonable hypothesis explaining his presence for the jury's consideration, it is highly probable that the statement contributed to the verdict on the habitual violator charge. *Coney*, supra; *Davis*, supra. This conclusion is mandated when the verdicts of not guilty on the eluding and DUI charges in addition to the jury's initial split votes on all counts except the possession of marijuana charge[1] and the court's giving of the "dynamite" charge are considered. Therefore, the habitual violator charge is reversed.

2. Division 1 makes unnecessary consideration of the remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Sognier, C. J., and McMurray, P. J., concur.*

---

[1] The possession of marijuana conviction is not the subject of the appeal and stands affirmed.

DECIDED NOVEMBER 4, 1991.

*G. Wayne Lancaster*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.