## A91A2143. EVERMAN v. THE STATE.
(416 SE2d 861)

COOPER, Judge.

Appellant was convicted by a jury of vehicular homicide, driving under their influence and various other traffic offenses. He appeals from the denial of his motion for new trial.

An automobile owned by appellant ran off the road, resulting in the death of Bruce Parrish, one of the persons in the car. Appellant and Mark Parrish, the deceased's brother, were also in the car at the time of the accident. Mark Parrish testified at trial that appellant was driving the car at the time of the accident; appellant testified that he did not remember anything about the accident. Prior to trial, appellant requested court appointed counsel; however, the trial court determined that appellant did not meet the indigency standards and was therefore not entitled to court appointed counsel. Appellant, unable to secure retained counsel, appeared at trial pro se and represented himself during jury selection. After the jury was selected, the court, on its own motion, contacted an attorney to assist and advise appellant in presenting his defense and told appellant that the attorney could take whatever role appellant desired. Appellant elected to have the attorney speak for him and, in effect, conduct the trial for the defense. Appellant raises four enumerations of error on appeal.

1. Appellant first contends that he was denied effective assistance of counsel because the court made counsel available to appellant at a point in the trial when counsel did not have adequate preparation time. First of all, appellant, not being indigent, had no right to court appointed counsel. *Wood v. State*, 199 Ga. App. 252 (1) (404 SE2d 589) (1991). However, the record reflects that at various calendar calls for this case, the court emphasized to appellant the importance of re-

taining counsel, and that appellant knew it was dangerous to proceed without an attorney on his behalf. Appellant, quite aware of his right to counsel, attempted to secure representation and applied to the court for appointed counsel. Despite his non-indigency, appellant contends that he was unable to afford any of the attorneys that he contacted. Nevertheless, since appellant did not meet the standard for indigency, the court had no obligation to appoint counsel for appellant notwithstanding his efforts to obtain representation. See *Greenhill v. State*, 199 Ga. App. 218 (4) (404 SE2d 577) (1991). See also *Scott v. State*, 151 Ga. App. 840 (2) (262 SE2d 198) (1979). Appellant, unable to secure an attorney, decided to proceed alone. Prior to trial, the court asked appellant if he had obtained counsel, and appellant answered that he had not because he had not had time. Appellant then indicated that he was ready to proceed with the trial. The court then made a discretionary decision to contact an attorney to assist appellant even though appellant had no right to such assistance. " 'The record shows with convincing clarity that [appellant] knowingly, understandingly and voluntarily waived the right of representation by counsel. [Cit.]' [Cit.] 'In an effort to protect (appellant's) rights, the trial court appointed (an) attorney . . . [who] was asked by the court to assist him in his self-representation. . . . (Appellant) made a decision to represent himself in this case. . . . This is not a case where a defendant stood trial alone with no assistance or protection of his rights. . . .' [Cit.] Appellant's choice [to represent himself] was made after he was made aware of his right to counsel and the dangers of proceeding without counsel." *Williams v. State*, 192 Ga. App. 317 (2) (384 SE2d 877) (1989). Appellant emphasizes his diligent efforts to secure counsel. However, a non-indigent defendant's diligence in obtaining counsel is at issue when the defendant is seeking a continuance in order to secure representation and to prevent being forced to proceed to trial alone. See *Wood*, supra; *Callaway v. State*, 197 Ga. App. 606 (398 SE2d 856) (1990). In the instant case, appellant indicated that he was ready to proceed with the trial and did not request, at the outset, a continuance to secure counsel. Appellant waived his right to representation and elected to proceed pro se. When the court announced that an attorney had been enlisted to assist appellant with his defense, the court clearly reiterated to appellant that he was not entitled to appointed counsel; that the court enlisted the attorney on its own motion and solely as an accommodation to appellant; that the attorney did not have time to prepare for the case or file motions for the defense; and that the attorney was there to accommodate the appellant as best he could under the circumstances. The court then asked appellant if he had any questions or concerns about the attorney getting involved in the case. Appellant responded that he had no questions; that he would like the attorney

to become involved; and that he chose to have the attorney speak for him during the trial. Therefore, with full knowledge of the circumstances surrounding the attorney's representation, appellant accepted the lawyer's assistance and requested the lawyer to conduct the defense. Appellant cannot now complain of ineffective assistance of counsel for lack of preparation time when appellant had no right to appointed counsel, waived his right to representation and then accepted the services of the lawyer with full knowledge of the circumstances. " 'When a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel.' [Cit.]" *Williams*, supra at 319.

2. Appellant next contends that the court erred in failing to grant defense counsel's motions for a continuance that were made shortly prior to, and after, the close of the State's case. Defense counsel first requested a continuance to obtain as a witness an accident reconstruction expert to testify at trial, and then asked for a continuance for additional time to investigate matters for the defense. Defense counsel could not state to the court that he would be able to obtain the expert witness in the time requested or what the witness' testimony would be or how it would add to the evidence already available to the defense. Defense counsel also could not specify what additional investigations were needed by the defense. The trial court denied the motions because they were based on speculation. "[I]t is axiomatic that it is within the discretion of the trial court to grant or refuse to grant a continuance to either party. [Cit.]" *Wilder v. State*, 199 Ga. App. 514, 515 (405 SE2d 337) (1991). We discern no abuse of discretion by the trial court in denying the motions for a continuance.

3. Appellant argues in his third enumeration of error that the trial court erred in denying appellant's request for the driving records of Mark and Bruce Parrish and in excluding any evidence of these driving records at trial. Appellant argues that the records will reveal previous DUI offenses of the Parrishes and therefore will be relevant to prove that one of the Parrishes was driving the car rather than appellant. " 'Questions of relevancy are generally matters within the court's discretion. . . .' [Cits.]" *Sleeth v. State*, 197 Ga. App. 349 (3) (398 SE2d 298) (1990). We agree with the trial court that the driving records of Mark and Bruce Parrish are irrelevant to, and non-probative of, the issue of who was driving the car. The trial court did not abuse its discretion in excluding the evidence.

4. Since appellant's brief contains no argument or citation of authority with respect to his fourth enumeration of error, it is deemed abandoned. *Boatright v. State*, 192 Ga. App. 112 (10) (385 SE2d 298) (1989).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1992.

Thompson, Fox, Jolliff, Chandler & Homans, Joseph Homans, for appellant.

C. Andrew Fuller, District Attorney, W. M. Brownell, Jr., Assistant District Attorney, for appellee.