A92A0589. COFIELD v. THE STATE.
(420 SE2d 597)

POPE, Judge.

Defendant Luther Charles Cofield was convicted of aggravated assault on a peace officer. He appeals from the denial of his motion and amended motion for new trial.

Construed so as to support the verdict, the evidence adduced at trial showed the following: On May 10, 1990, defendant and his wife had an argument. During the argument, defendant knocked over a portion of the fence in his backyard with his van and broke out a window in the van with a liquor bottle. Defendant was sitting in the van when Officer Belflower from the Eastman Police Department arrived. Officer Belflower pulled into defendant's driveway, opened his car door and asked defendant what was the matter. According to Belflower, defendant then stuck a gun out the door of the van and told the officer that he would shoot him if he got out of the car. Officer Belflower radioed Officer Harden, who had pulled his car behind Belflower's car in defendant's driveway, that defendant had a gun and to back out of the driveway. The officers pulled out of the driveway and positioned their cars in such a way as to block off the street. Defendant exited the van and walked across the yard with his hands up saying "I give up, I give up." The officers ordered defendant to lie down on the ground but he refused. At that point Alfonso Stephens, an employee of the sheriff's department who knew the defendant, arrived and was able to take the defendant into custody without incident.

Defendant testified and gave a slightly different version of events. Defendant admitted that he drank several shots of liquor on the day in question and that he and his wife had argued. Defendant also ad-

mitted he had knocked over a portion of his fence and had broken out the window in his van. Defendant said he was sitting in his van with the door open when Officer Belflower arrived. According to defendant the officer put his hand on his gun and then reached back into the patrol car as if to get something out. Defendant testified he thought the officer was reaching into his car to get out his shotgun. Defendant said he then stuck his gun out the passenger window of the van and shook it so the officer could see it. Using profanity, he ordered the officer to leave his yard. Defendant testified he never pointed the gun at the officer and he never threatened to shoot the officer but that he did want the officer to know he had a gun. According to defendant, he showed the officer his gun in hopes of preventing the officer from taking his shotgun out of the car because he was afraid if the officer started shooting, his wife and daughter, who were standing in the carport, might accidentally get shot. Defendant admitted he refused to lie down on the ground when the officers ordered him to but stated that he refused to obey the officers because he wanted to avoid causing further embarrassment to his daughter. Defendant's wife also testified that the defendant shook his gun out the window and told the officer to get out of the driveway, but that he never pointed the gun at the officer.

1. Defendant first contends the trial court erred in denying his amended motion for new trial on the basis that his trial counsel was ineffective. Specifically, defendant argues his appointed trial counsel failed to interview and subpoena certain witnesses. In related enumerations, defendant posits that such failure deprived him of his federal constitutional right to present a defense, his right to compulsory process for witnesses in his favor and his right to a fundamentally fair trial.

In support of his amended motion for new trial, defendant presented the affidavits of four of his neighbors who averred that they observed the events giving rise to the charges against the defendant, but that defendant's trial counsel did not contact or interview them prior to trial. The neighbors also testified at the hearing on the motion for new trial. A review of this affidavit and hearing testimony reveals that none of the neighbors observed the gun in defendant's hand after the police arrived, although several had seen the gun prior to that time. Several of the neighbors testified that they could hear but not understand the conversation between the defendant and the officer. Turning to the individual testimony of the neighbors, the record reveals that Ms. Coffee testified she was unaware the defendant was in the van. Another neighbor, Ms. Thompson, testified that she did not see the defendant do anything. One witness testified he was unaware the police had arrived, although he could hear the defendant talking to someone. Lastly, Mr. Thompson testified that he heard the

defendant order the officer to get out of his driveway and saw the defendant shake his hand at the officer, but that he did not see a gun in defendant's hand.

"The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, (466 U. S. 668) (104 SC 2052, 80 LE2d 674) (1984). In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (466 U. S. at 687, 694). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Ibid. *Ford v. State*, 255 Ga. 81, 85 (8) (335 SE2d 567) (1985); *Richardson v. State*, 189 Ga. App. 113, 114 (375 SE2d 59) (1988)." (Punctuation omitted.) *Johnson v. State*, 199 Ga. App. 67, 69 (404 SE2d 139) (1991).

Pretermitting the question of whether defendant has shown that counsel's performance was deficient under the first prong of the test, we find that defendant has failed to show any prejudice resulting from the failure of counsel to discover the potential witnesses and call them as witnesses at trial. Defendant and his wife both admitted that defendant had a gun and that he shook it in such a manner so that the officer would see it. All of defendant's neighbors testified that they did not see defendant with a gun after the officers arrived, and only one neighbor could actually hear the conversation between the defendant and the officer. Although the testimony of the neighbors may have contradicted the officer's testimony on some particulars, such as where he parked his car and whether or not he actually exited the vehicle, defendant has failed to show, under the circumstances described in this case, that the outcome of the trial would have been different but for counsel's failure to interview the defendant's neighbors and call them as witnesses at trial. *Mason v. State*, 199 Ga. App. 691 (2) (405 SE2d 747) (1991); *Yearby v. State*, 195 Ga. App. 757 (395 SE2d 29) (1990). Accordingly, and inasmuch as a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous, we find defendant's enumerations relating to his ineffectiveness claim to be without merit. See, e.g., *Garrett v. State*, 196 Ga. App. 872 (1) (397 SE2d 205) (1990).

2. Defendant also sought a new trial on the basis that the testimony of the neighbors constituted newly discovered evidence. A defendant seeking a new trial based on newly discovered evidence must satisfy the court as to six requirements, including that the evidence is

so material that it probably would produce a different outcome. *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980). "Failure to show one requirement is sufficient to deny a motion for a new trial." Id. As stated in Division 1, the testimony of the new witnesses would not have changed the outcome in this case. Consequently, defendant is not entitled to a new trial on this basis.

3. We have examined the defendant's enumeration concerning the court's charge to the jury on the offense of aggravated assault of a peace officer and find it also to be without merit.

4. Defendant also contends that the trial court erred in refusing to give his request to charge on justification. Although defendant's requests do not appear in the record on appeal and apparently were never filed in the court below, it is apparent from the transcript of the charge conference that defendant did in fact request such a charge, although the exact language requested does not appear. However, to the extent we can consider defendant's enumeration based on what does appear in the transcript, we agree with the trial court that a charge on justification was not proper in this case, inasmuch as defendant never admitted aiming his gun at the officer in a threatening manner or with the intent to cause him harm. Defendant could not have been "justified" in doing acts which he never admitted committing.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JUNE 4, 1992 —
RECONSIDERATION DENIED JULY 2, 1992 — 

*Larsen & West, W. Washington Larsen, Jr.,* for appellant.
*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assistant District Attorney,* for appellee.