A92A0881. HUFF v. THE STATE.
(422 SE2d 664)

Pope, Judge.

Appellant/defendant Pierce Huff appeals his conviction for possession of cocaine with intent to distribute and improper lane usage. In his sole enumeration of error he alleges the trial court erred in denying his motion to suppress the cocaine seized from the vehicle he was driving.

Defendant contends the investigatory stop of the vehicle he was driving was pretextual rendering the contraband seized inadmissible. At the motion to suppress hearing the arresting officer testified that on November 9, 1990 at approximately 12:30 a.m., while performing his traffic control duties on I-75 in Cherokee County, he observed the vehicle driven by defendant weave across the lines bounding defendant's lane on two occasions. When he pulled behind defendant's automobile to stop him for the traffic violation, defendant moved to another lane without signalling before pulling off the road. The officer testified he habitually pulled over the drivers of vehicles he observed weaving on the roads because often it was an indication the driver was under the influence of alcohol or falling asleep at the wheel.

The officer further testified he requested defendant to produce his license and proof of insurance. The defendant was unable to produce either. Defendant told the officer the car was rented to a friend of his and he was using it to visit another friend in Tennessee. The officer found defendant's explanation of his trip and the fact that the car he was driving was rented to another to be suspicious. The officer testified that his suspicion was further heightened by defendant's nervous behavior and the lack of luggage inside the vehicle.

The officer asked defendant if he would consent to a search of the vehicle. Defendant agreed and signed a consent to search form. Before performing the search, the officer called for a backup unit because the defendant kept moving behind him and would not follow the officer's instruction. Two plastic bags containing 493 grams of 92 percent pure cocaine were found during the search of the vehicle.

In support of his pretextual stop argument defendant presented the testimony of others stopped in approximately the same area by the same officer, who testified the officer pulled over their vehicle for alleged traffic violations and later searched their vehicles for contraband.

In reaching its conclusion the contraband should not be suppressed, the trial court found the arresting officer's testimony that he

observed defendant ·commit traffic violations credible. Although the trial court recognized that there was some evidence supporting defendant's pretextual stop argument, it found under the facts of this case, the stop was not pretextual. " 'On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous. . . .' [Cit.]" *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295) (1990). We hold that the trial court's findings are supported by the record and its denial of defendant's motion to suppress was proper. See *Thomas v. State*, 201 Ga. App. 292 (1) (410 SE2d 786) (1991); *Guerrero v. State*, 198 Ga. App. 397 (1) (401 SE2d 749) (1991); *Williams v. State*, 187 Ga. App. 409 (1) (370 SE2d 497), cert. denied, 488 U. S. 942 (109 SC 366, 102 LE2d 356) (1988); *Coop v. State*, 186 Ga. App. 578 (1) (a) (367 SE2d 836) (1988).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 24, 1992 — 

*Herbert Shafer*, for appellant.
*Darrell E. Wilson, District Attorney, Gregory A. Hicks, Assistant District Attorney*, for appellee.