## A92A1085. MATTINGLY v. THE STATE.
(423 SE2d 709)

POPE, Judge.

Defendant James Mattingly appeals his conviction for possession of marijuana with intent to distribute and conspiracy to commit the same crime.[1]

1. Defendant first argues the trial court erred in denying his motion to suppress evidence seized during the search of his residence. We reject defendant's argument that the surveillance of his house by an officer stationed on his property in woods behind the house constituted an illegal intrusion into the curtilage of his dwelling. The evidence showed the officer observed the activities conducted in defendant's driveway by standing in the woods at the rear of defendant's property beyond the portion of defendant's land which was maintained and cultivated. Defendant testified and estimated the spot where the officer testified he was standing during his surveillance of the house was over 200 yards from the dwelling. Consequently, the facts established the officer's surveillance of the house fell within the open fields exception to the Fourth Amendment protection afforded the curtilage of a dwelling house. In discussing this exception, the United States Supreme Court in *Oliver v. United States*, 466 U. S. 170 (104 SC 1735, 80 LE2d 214) (1984), noted "the term 'open fields' may include any unoccupied or undeveloped area outside of the curtilage. An open field need be neither 'open' nor a 'field' as those terms are used in common speech. For example . . . a thickly wooded area nonetheless may be an open field as that term is used in construing the Fourth Amendment." Id. at 180, n. 11.

Although defendant argued during his motion to suppress hearing the evidence seized during the search of his home was inadmissible because the search was illegal, he did not offer that objection at trial. When each item of evidence seized during the search was offered for admission at trial, defendant affirmatively stated he had no objection, except in regard to three of the containers of contraband. In regard to those exhibits he affirmatively stated his only objection was to the chain of custody of the evidence. Thus, defendant affirmatively waived and failed to preserve his right to contest the admission of the evidence on appeal on the grounds raised in the motion to suppress. See *Bowe v. State*, 201 Ga. App. 127 (1) (410 SE2d 765) (1991); *Abrams v. State*, 144 Ga. App. 874 (1) (242 SE2d 756) (1978). Moreover, we have examined the record and conclude the trial court did not err in denying defendant's motion to suppress.

---

[1] He was sentenced only on his conviction for possession with intent to distribute. (The appeal of one of defendant's co-defendants is reported in *Roddy v. State*, 205 Ga. App. 407 (422 SE2d 271) (1992).)

2. Challenging the chain of custody, defendant argues the trial court erred in admitting into evidence the marijuana found in the automobile parked outside defendant's house. The officer who submitted the evidence to the State crime lab testified he saw the other officers open the trunk of the car as he drove up waving in his hand the search warrant he had obtained. He then observed the marijuana in the trunk of the car. He testified the marijuana was not taken out of the car and turned over to him until after the house was searched so he would not have to carry it around with him as the house was searched. We reject defendant's argument that the chain of custody of the marijuana was thus insufficient. "The circumstances relied upon by [defendant] in support of this enumeration relate only to the mere possibility of a break in the chain of custody. There being, at most, bare speculation of tampering, substitution, or misidentification of the drugs as those which came from [the car parked at defendant's house], the trial court correctly admitted the [contraband] into evidence." (Citation and punctuation omitted.) *Lewis v. State*, 198 Ga. App. 808 (403 SE2d 233) (1991).

3. Defendant argues it was reversible error for the case to be tried by a judge other than the judge who heard the pre-trial motions. Defendant raised no objection to the trial judge trying the case and, in fact, defendant's attorney stated prior to the presentation of evidence in the case that he had "no problems" with his trying the case. Defendant may not raise for the first time on appeal an issue which was not preserved at trial. See *Jacobson v. State*, 201 Ga. App. 749 (2b) (412 SE2d 859) (1991).

4. We reject defendant's argument that the trial court erred in denying his motion for new trial on the ground of juror misconduct. The juror in question testified at the motion hearing that she had a telephone conversation with an attorney unrelated to the case but who was in the courtroom during the proceedings. She asked him the identity of a certain woman she described to the attorney, and he responded that the woman was the wife of the defendant. The juror testified that she had no further discussion with the attorney about the case. The trial court received affidavits from ten of the other eleven jurors attesting that during the process of the jury's deliberations no discussions were had on any matter not derived from the evidence presented at the trial. Thus, defendant showed no ground for granting a new trial, and the trial court did not err in denying defendant's motion.

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs in Divisions 1, 2, 3 and in judgment.*

Decided October 9, 1992.

James Mattingly, *pro se.*
*Billy L. Spruell,* for appellant.
*Garry T. Moss, District Attorney, Gregory A. Hicks, Assistant District Attorney,* for appellee.