## A93A1576. DATZ v. THE STATE.
(436 SE2d 506)

BIRDSONG, Presiding Judge.

Richard Ronald Datz, Jr. a/k/a Richard Datz a/k/a Ronald Richard Datz appeals his conviction of possession of a firearm by a convicted felon and the sentence. *Held:*

1. Appellant asserts evidence insufficiency. A rifle and ammunition for the gun were found in the trunk of appellant's wife's car; ammunition for the weapon also was found in two locations in appellant's house. The police evidence custodian testified appellant contacted him numerous times, by phone and in person, seeking return of "his AR-15 rifle." *Davis v. State*, 146 Ga. App. 629 (247 SE2d 210) is distinguishable from the facts of this case. Compare *Chambers v. State*, 162 Ga. App. 722 (293 SE2d 20). The jury could reasonably find that the evidence excluded every reasonable hypothesis except that of defendant's guilt. See *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). The transcript when viewed in the light most favorable to the verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in denying appellant's extraordinary motion for new trial based upon newly discovered evidence. The trial court's finding of fact that the absence of any defense witnesses who would testify as to rifle ownership was due to appellant's instructions not to secure the witnesses' presence, is supported by evidence of record; moreover, we agree that such testimony would have been corroborative in nature. Also, appellant has failed to carry his burden of satisfying all six of the requirements of *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) as to any of the proffered evidence. Failure to satisfy any one of these requirements is sufficient to deny either a motion for new trial or an extraordinary motion for new trial. See *Cofield v. State*, 204 Ga. App. 776, 779 (2) (420 SE2d 597). Most of the allegedly newly discovered evidence either was corroborative in some degree of other evidence of record or would merely attack witness credibility. Further, appellant has failed to establish that any of the alleged newly discovered evidence was "so material that it *probably* would produce a different outcome." (Emphasis supplied.) Id. OCGA § 5-5-41 (a) gives the trial judge discretion to allow the filing of an extraordinary motion for new trial. *Martin v. Children's Sesame*, 188 Ga. App. 242 (1) (372 SE2d 648). The trial court did not abuse its discretion by denying the extraordinary motion for new trial. See *Merka v. State*, 201 Ga. App. 471, 473 (2) (411 SE2d 357).

3. The trial court did not err in denying appellant's motion for new trial based on ineffective assistance of counsel. The trial court

concluded appointed counsel was diligent and effective. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. *Ferrell v. State*, 261 Ga. 115, 119-120 (401 SE2d 741).

(a) There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity. *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316). There was no total failure of trial preparation in this case as in *Cochran v. State*, 262 Ga. 106 (414 SE2d 211). .

(b) The record fails to establish an actual conflict of interest on the part of appellant's trial counsel. Compare *Pullen v. State*, 208 Ga. App. 581 (3) (431 SE2d 696). Prejudice is presumed, under the test of *Strickland v. Washington*, 466 U. S. 668, 692 (104 SC 2052, 80 LE2d 674), only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. *Pullen*, supra. Actual conflict is not established by ingenious claims in appellate briefs inadequately supported by the record; mere possibility of conflict is insufficient to impugn a criminal conviction amply supported by competent evidence. Id. Appellant has failed to establish an actual conflict; his trial counsel stated on the record that he was not involved directly or indirectly in any lawsuit appellant had filed against Cobb County officials and had not issued any warrants as a Cobb County magistrate which involved appellant.

(c) Although the transcript of the motion for new trial hearing reflects appellant's trial counsel advised appellant not to testify at the motion to suppress hearing, it appears such advice was given as a legitimate trial tactic. Moreover, trial counsel had previously testified that he and appellant "talked about everything — every decision, because [counsel] learned very quickly that . . . the client makes the ultimate call." Thus, it can be concluded appellant voluntarily made the ultimate decision, after receiving advice of counsel, not to testify at the suppression motion hearing.

The record also reflects appellant first informed his counsel that the weapon was owned by a man from Puerto Rico; thereafter, appellant's wife informed counsel the. man from Puerto Rico had died. Subsequently, appellant informed counsel that appellant's brother Steven owned the gun and that Steven was in Florida and was wanted on Georgia warrants. Counsel further testified appellant told him that he did not want his brother "to get involved up here." This testimony supports the determination of the trial court regarding the adequacy of trial counsel, and supports the trial court's conclusion that the absence of any witnesses in regard to rifle ownership was due to instruc-

tions of appellant.

(d) In view of the lack of showing of actual conflict of interest, the proper test to be employed is the two-prong test of *Strickland*, supra. Pretermitting whether counsel's professional performance was deficient is whether the result of the proceeding would have been different but for counsel's performance. Appellant has failed to establish by a reasonable probability that, but for trial counsel's alleged unprofessional errors, the result of the proceeding would have been different. Appellant has failed to establish inadequacy of trial counsel within the meaning of *Strickland*, supra. Also, a trial court's finding that appellant had been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous (*Whitner v. State*, 202 Ga. App. 608, 609 (415 SE2d 52)); the trial court's findings were not clearly erroneous.

4. Assuming appellant had standing to challenge the warrantless search of his wife's car, the trial court did not err in denying the motion to suppress the evidence seized.

(a) Appellant has abandoned the issue whether he could consent to the search of his wife's car. Court of Appeals Rule 15 (c) (2). In any event, such argument is without merit. *Pupo v. State*, 187 Ga. App. 765, 767 (5) (371 SE2d 219); see *Illinois v. Rodriguez*, 497 U. S. 177 (110 SC 2793, 111 LE2d 148).

(b) Appellant failed to preserve any issue as to the legality of the search by failing to object to the admissibility of the rifle at trial. *Mattingly v. State*, 205 Ga. App. 777 (423 SE2d 709).

(c) Additionally, the officer testified that appellant, after being advised of his *Miranda* rights, voluntarily consented to the search of his wife's car; after the assault weapon was found in the trunk, appellant also voluntarily signed a written consent to search. Appellant further was advised he could stop the search of the car and house at any time. The officer denied threatening to have appellant and his wife jailed and their children placed in DFCS custody if appellant failed to cooperate. Courts determine voluntariness of consent by examining the totality of the circumstances. *State v. McBride*, 261 Ga. 60, 62 (1) (401 SE2d 484). That consent may have occurred after an officer seized the object does not per se render the consent invalid (id.); a subsequent free and voluntary written consent (even where no prior oral consent has been given) will serve to ratify a prior warrantless entry. *State v. Sutton*, 258 Ga. 382 (2) (369 SE2d 249). The record in this case is sufficient to establish that both the prior oral consent and the subsequent written consent were freely and voluntarily given. Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal. *Huff v. State*, 205 Ga. App. 557, 558 (422 SE2d 664). The trial court's finding that appellant gave a free and voluntary consent to the search of

the vehicle was not clearly erroneous.

5. The trial court did not abuse its discretion in denying appellant's motion for mistrial. In response to a question whether he was still in possession of the seized raincoat, the detective indicated that a Cobb County court had released it, and he did not know "if they were aware of this case pending . . . after another case, it was released." Appellant's counsel conceded on the record that he knew the witness did not "intentionally testify" to inadmissible information. The trial court denied appellant's mistrial motion. The testimony did not reveal to the jury whether the other case was civil or 'criminal, or whether appellant was even a party to the case. The trial court did not abuse its discretion in denying the mistrial motion. See *Oller v. State*, 187 Ga. App. 818, 822 (3) (371 SE2d 455). Moreover, since appellant's counsel thereafter affirmatively elected not to ask for any curative instructions, the issue of the court's failure to give curative instruction was not preserved for appellate review. Id. at 823 (4).

6. Appellant argues that the trial court erred in admitting certain pretrial statements of appellant in evidence. The record establishes that appellant was duly advised of his *Miranda* rights before he was subjected to questioning by the officers before being transported to the police station. Thereafter, while sitting voluntarily in the police car, appellant made certain admissions to police about driving the car in question that day; he also subsequently admitted his knowledge of the existence of the rifle in the car trunk. Before making any of these statements, he did not request counsel or assert his right of silence; he waived these rights. *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111). Appellant, after being re-advised of his *Miranda* rights, subsequently made certain other admissions at the police station. Appellant's fifth enumeration expressly asserts that the pretrial statements were inadmissible due to the State's noncompliance with OCGA § 17-7-210.

Appellant was adequately advised of and did knowingly and intelligently waive his *Miranda* rights and, his contested pretrial statements were voluntarily made. See *Mainor v. State*, 259 Ga. 803, 804 (3) (387 SE2d 882); *Aldridge v. State*, supra. Moreover, under the attendant circumstances, the trial court's determination that defendant was not in custody when he voluntarily accompanied the detectives to their car and then to the South Precinct was not clearly erroneous. See *Williams v. State*, 208 Ga. App. 153 (2) (430 SE2d 42); *Magher v. State*, 199 Ga. App. 508 (5) (405 SE2d 327); cf. *Whatley v. State*, 196 Ga. App. 73, 78 (5) (395 SE2d 582). Compare *D'Anna v. State*, 201 Ga. App. 731 (1) (412 SE2d 857) where the defendant was determined to be in custody for purposes of OCGA § 17-7-210. In *D'Anna*, defendant thought he was not free to leave and officers testified they intended to arrest him and would not have let him leave at the time

the statement was made. The facts in the case at bar are distinguishable from *D'Anna.* Appellant's fifth enumeration of error is without merit.

7. The trial court did not err in denying appellant the use of the detective's personnel files. Examination of the sealed personnel files fails to support appellant's claim of a pattern of improper police work so as to be either legally or logically relevant to "challenge" the validity or voluntariness of his alleged consent to search; nor do we find any exculpatory evidence in the files. "[A]bsent a manifest abuse of discretion," we will not reverse a trial court's exclusion of evidence either on grounds of lack of logical relevance or because the probative value of the tendered evidence was found to be outweighed by its potential for prejudice or for misleading the jury. *Friedman v. Friedman,* 259 Ga. 530, 532 (3) (384 SE2d 641); see *Everman v. State,* 203 Ga. App. 350, 352 (3) (416 SE2d 861); see also *Renner v. State,* 260 Ga. 515 (2) (397 SE2d 683).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur specially.*

Pope, Chief Judge, concurring specially.

Although I reach the same conclusion as the majority with respect to Division 6, I write separately to clarify the defendant's argument and why it fails under the circumstances of this case. The defendant does not assert in this enumeration of error that his *Miranda* rights were violated or that his pre-trial statements were not voluntarily made. Rather, he contends that even though these statements were knowingly and voluntarily made, they should nonetheless have been excluded because the State did not provide him with a copy of the statements as required by OCGA § 17-7-210.

The defendant raised this issue below in a motion in limine, and after hearing evidence and argument, the trial court ruled that the State's failure to comply with OCGA § 17-7-210 did not compel exclusion of the statements in question because defendant was not in custody when he made them. At the hearing on the motion, two detectives testified that they went to defendant's home one evening. They drove an unmarked car, they wore plain clothes and their guns and handcuffs were not in sight. When the detectives told defendant they wanted to question him about a series of burglaries and related forgeries they were investigating, defendant accompanied the detectives to their car. The detectives read defendant his *Miranda* rights because he was a subject of their investigation, but they told defendant that they were there to investigate, not to arrest him, and that regardless of what he said or did not say that night, he would be spending the night in his own home. Defendant admitted playing a role in the forgeries, willingly giving the officers a statement which

placed most of the blame for the burglaries and forgeries on another man. He later went with the detectives to the South Precinct so they could record his statement. In the course of his statements, defendant admitted that he drove the car registered in his wife's name and that no one else drove it; referred to the vehicle several times as "my car"; and talked about using it on two specific occasions, once that day and once several days earlier. It is these incriminating admissions defendant sought to exclude. Defendant was not arrested that night, and the detectives took him home after his taped statement was complete. Both detectives testified that defendant went with them voluntarily and that he could have left the car or the precinct at any time. Although defense counsel suggested the detectives threatened defendant and his family if he did not cooperate, defendant presented no evidence to support this suggestion and the detectives denied it. Under these circumstances, the trial court's determination that defendant was not in custody when he voluntarily accompanied the detectives to their car and then to the South Precinct was not clearly erroneous. See *Williams v. State*, 208 Ga. App. 153 (2) (430 SE2d 42) (1993); *Magher v. State*, 199 Ga. App. 508 (5) (405 SE2d 327) (1991). Compare *D'Anna v. State*, 201 Ga. App. 731 (1) (412 SE2d 857) (1991) (when defendant thought he was not free to leave and officers testified they intended to arrest defendant and would not have let him leave at the time he gave a statement, defendant was in custody for purposes of OCGA § 17-7-210 even if formal arrest came later). Accordingly, I agree that the judgment should be affirmed.

I am authorized to state that Judge Andrews joins in this special concurrence.

DECIDED SEPTEMBER 21, 1993 —
RECONSIDERATION DISMISSED OCTOBER 13, 1993

*William A. Jordan*, for appellant.
Richard R. Datz, Jr., *pro se*.
*Garry T. Moss*, District Attorney, *Gregory A Hicks*, Assistant District Attorney, for appellee.